```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
             EASTERN DIVISION
```

| | |
|---|---|
| **MARIO R. ALIANO, SR.,** | |
| Plaintiff, | |
| v. | Case No. 07 C 4110 |
| **AMERIGAS PARTNERS, L.P., AMERIGAS PROPANE, L.P., and AMERIGAS PROPANE, INC.,** | Hon. Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff's Combined Motion for Leave to File an Amended Complaint and to Extend the Filing Deadline for Plaintiff's Motion for Class Certification. Also before the Court is the Defendants' Cross-Motion for Sanctions. For the following reasons, Plaintiff's Motion is **granted in part and denied in part**, and Defendants' Motion for Sanctions is **denied.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff Mario Aliano, Sr. (hereinafter, "Plaintiff") alleges that the Defendants Amerigas Partners, L.P., Amerigas Propane, L.P., and Amerigas Propane, Inc. (hereinafter, the "Defendants"), violated the Fair and Accurate Credit Transactions Act ("FACTA") by giving to Plaintiff a cash register receipt that displayed Plaintiff's credit card expiration date. *See* Compl. ¶¶ 1-4.

FACTA, a subset of the statutes contained within the Fair Credit Reporting Act ("FCRA"), prohibits merchants from printing more than the last five digits of a credit or debit card number or the card's expiration date on receipts provided to the cardholder at the transaction. 15 U.S.C. § 1681(c)(g)(1); *see also* 15 U.S.C. § 1681, *et seq*. As originally enacted, FACTA provided damages to individuals suffering actual damages and statutory damages against merchants who willfully violated this provision. 15 U.S.C. § 1681(n).

On June 3, 2008, Congress passed the Credit and Debit Card Clarification Act of 2007 (the "FACTA Amendment"). *See* 15 U.S.C. 1681o(a). Among other changes, Congress eliminated statutory damages for willful violations of FACTA. *See id.* Section 1681o(a) now provides that any person who negligently fails to comply with FACTA requirements is liable for "actual damages sustained" as well as costs and attorney's fees. *Id.*

In his original Class Action Complaint, dated July 20, 2007, Plaintiff sought statutory damages, attorneys' fees, and costs under FACTA. Compl. ¶ 4. Plaintiff alleged that, on May 10, 2007, he received a computer-generated receipt from Amerigas displaying his credit card expiration date in violation of FACTA. *Id.* at ¶¶ 14-15. Asserting that Defendants willfully violated FACTA, Plaintiff requested statutory damages. *Id.* at ¶¶ 3-4. The Complaint alleged no actual damages. Plaintiff defined a proposed

class as "all persons to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card number, and/or (b) the expiration date of the person's credit or debit card." *Id.* at ¶ 17.

Plaintiff now moves to amend his complaint to remove the allegations of willfulness and to state a claim for negligent noncompliance. *See* Am. Compl. ¶¶ 1-4, Ex. 1 to Pl's Mot. The proposed amended complaint alleges that Plaintiff suffered actual damages as a result of having to pay out-of-pocket expenses for credit monitoring services. *Id.* at ¶ 16. Furthermore, Plaintiff seeks to redefine the potential class to include only consumers who obtained a receipt in Illinois. *Id.* at ¶ 18. Defendants argue that the proposed Amended Complaint fails to state a claim under FACTA because it does not allege actual damages as required by Section 1681o(a). Defendants contend that the cost of purchasing credit monitoring services alone are not cognizable actual damages under FACTA.

Plaintiff also requests an extension of the deadline for his motion for class certification, which was due June 18, 2008. Plaintiff states that he is awaiting subpoenaed documents regarding Defendants' alleged knowledge and disregard of FACTA requirements. In addition, Plaintiff seeks leave to permit discovery to determine

whether potential class members sustained actual damages as a result of Defendants' alleged violations of FACTA.

In their Cross-Motion, Defendants allege that Plaintiff and his counsel have acted in bad faith by prolonging the litigation of a baseless claim. Defendants request that this Court award sanctions as it deems appropriate.

## II. **LEAVE TO FILE AN AMENDED COMPLAINT**

### A. Standard of Review

Leave to amend a complaint must be freely given absent undue delay and undue prejudice to the opponent. FED. R. CIV. P. 15(a); *Cannon v. Washington*, 418 F.3d 714, 720 (7th Cir., 2005); *Luckett v. Conlon,* 561 F.Supp.2d 970, 973 (N.D. Ill., 2008). The complaint "merely serves to put defendants on notice" and should be "freely amended or constructively amend as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Luckett*, 561 F.Supp.2d at 974 (internal citations omitted). This Court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility. *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir., 2007). The determination of whether to grant or deny leave to amend is within the discretion of the Court. *Id.*

### B. Discussion

Plaintiff requests leave to amend his complaint to conform to the changes to FACTA brought about by the June 2008 FACTA

Amendment. Pursuant to Congress' removal of statutory damages, Plaintiff seeks to allege actual damages, namely out-of-pocket expenses related to the purchase of credit monitoring services. Defendants contend that this Court should deny Plaintiff's motion for leave to amend because these expenses are not cognizable actual damages under FACTA.

The FACTA Amendment allows recovery for negligent noncompliance only if the plaintiff suffers "actual damages" as a result of a defendant's violation. 15 U.S.C. § 1681(a); *Troy v. Home Run Inn, Inc.*, No. 07 C 4331, 2008 WL 1766526, *4 (N.D. Ill., Apr. 14, 2008). FACTA does not define "actual damages."

The parties disagree as to whether out-of-pocket expenses incurred as a result of purchasing credit monitoring services can be actual damages under FACTA. Defendants cite several cases, none of which involve FACTA or the FCRA, in which courts have held that the costs of credit monitoring services do not constitute actual damages. *See, e.g., Pisciotta v. Old Nat. Bancorp,* 499 F.3d 629, 639-40 (7th Cir., 2007); *Melancon v. Louisiana Office of Student Financial Assistance,* 567 F.Supp.2d 873, 2008 WL 2355753 (E.D. La., 2008); *Hendricks v. DSW Shoe Warehouse Inc.*, 444 F.Supp.2d 775, 779-80 (W.D. Mich., 2006). In response, Plaintiff points to several cases involving the FCRA in which plaintiffs have been entitled to recover out-of-pocket expenses as actual damages, yet none of these cases specifically involves the award of actual

damages for expenses incurred from purchasing credit monitoring services. *See, e.g., Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829, 834 (8th Cir., 1976) (damages for lost wages from missing work in order to correct credit record); *Casella v. Equifax Credit Information Services*, 56 F.3d 469, 474 (2d Cir., 1995)(attorney's fees); *Field v. Trans Union LLC*, No. 01 C 6398, 2002 WL 849589, *5 (N.D. Ill., May 3, 2002) (emotional distress). Defendants also correctly point out that each of the cases cited by Plaintiff involves actual victims of identity theft, not individuals who fear the possibility of future identity theft.

Due to the lack of case law defining actual damages under FACTA, specifically whether costs associated with credit monitoring services are cognizable, this Court disagrees with Defendants' contention that Plaintiff's suit is necessarily futile. Pursuant to the liberal requirements of Rule 15(a) and this Court's discretion to allow amendments to the pleadings, Plaintiff's motion for leave to amend the complaint is **granted.**

### III. <u>EXTENSION OF DEADLINE FOR MOTION FOR CLASS CERTIFICATION</u>

Plaintiff seeks an extension of the deadline for the motion for class certification. The deadline initially set by this Court, June 18, 2008, fell only a few weeks after the passage of the FACTA Amendment. In order to afford Plaintiff the opportunity to identify a class that alleges common and cognizable claims under

the FACTA Amendment, Plaintiff's motion for an extension is **granted**.

Plaintiff also requests that this Court allow him to conduct discovery related to actual damages to assist him in identifying potential class members. Specifically, Plaintiff proposes that Defendants provide him with a list of potential class members and that he be allowed to take discovery to determine whether potential members suffered any actual damages. As noted by Defendants, pre-complaint discovery is not permitted in the federal courts. *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 711 (7th Cir., 2008). As such, Plaintiff's request for discovery is **denied**.

## IV. DEFENDANTS' CROSS-MOTION FOR SANCTIONS

As explained by the Court above, Plaintiff's Motions are timely and are not necessarily futile. Defendants' Cross-Motion for sanctions, therefore, is **denied**.

## V. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Amend the Complaint is **granted**, and Plaintiff's Motion to Extend the Date by Which the Motion for Class Certification is Due is **granted in part** and **denied in part**. Defendants' Motion for Sanctions is **denied**. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 10/22/2008