**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIO R. ALIANO, SR., | |
| Plaintiff, | |
| v. | Case No. 07 C 4110 |
| AMERIGAS PARTNERS, L.P., | Hon. Harry D. Leinenweber |
| AMERIGAS PROPANE, L.P., and | |
| AMERIGAS PROPANE, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mario R. Aliano, Sr. (hereinafter, "Plaintiff") filed suit against Defendants Amerigas Partners, L.P., Amerigas Propane, L.P., and Amerigas Propane, Inc. (hereinafter, "Defendants") alleging a violation of the Fair and Accurate Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq.* Before the Court is Defendants' Motion for Judgment on the Pleadings. For the reasons set forth below, the motion is **granted**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2007, Plaintiff received from Defendants a computer-generated receipt which displayed the expiration date of Plaintiff's credit card. *See* Am. Compl. ¶ 14. In the current suit, Plaintiff alleges a violation of Section 1681(g)(1) of FACTA, which provides that: "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to

the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).

In his initial Class Action Complaint filed on July 20, 2007, Plaintiff alleged that Defendants willfully violated FACTA by providing credit or debit card receipts displaying either more than the last five digits of the card or the card's expiration date. Plaintiff sought statutory damages, attorneys' fees, and costs under FACTA. The Complaint alleged no actual damages.

In June of 2008, however, the Credit and Debit Card Clarification Act of 2007 (the "Clarification Act") became effective. Under this amendment to FACTA, Congress eliminated statutory damages for willful violations of FACTA. The Clarification Act permits a plaintiff to recover for negligent noncompliance only if the plaintiff suffers "actual damages" as a result of a defendant's violation. *See* 15 U.S.C. § 1681o(a).

In October 2008, the Court granted Plaintiff leave to file an amended complaint that conforms to the Clarification Act. In his amended complaint, Plaintiff now alleges that Defendants negligently violated FACTA and that Plaintiff suffered actual damages in the form of "out-of-pocket" expenses for credit monitoring services. *See* Am. Compl. ¶¶ 3, 16.

On December 10, 2008, Defendants filed their Motion for Judgment on the Pleadings. Defendants argue that, in light of recent opinions from this District that delineate actual damages under FACTA, they are entitled to judgment in their favor.

## II. **STANDARD OF REVIEW**

The standard of review for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is identical to the standard for a motion to dismiss. *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir., 1991). Viewing the facts in the light most favorable to the non-moving party, the Court may only grant the motion if it "appears beyond a doubt" that the non-movant can prove no facts that would support its claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir., 2004). When determining whether judgment on the pleadings is proper, the court "may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Wood*, 925 F.2d at 1581.

## III. **DISCUSSION**

As noted above, Plaintiff initially alleged that Defendants willfully violated FACTA and sought statutory damages. After the enactment of the Clarification Act, Plaintiff amended his complaint to allege a negligent violation and to seek actual damages in the form of out-of-pocket expenses for credit monitoring services.

In its October 2008 Order, the Court noted "the lack of case law defining actual damages under FACTA, specifically whether costs associated with credit monitoring services are cognizable." 10/22/2008 Mem. Op. & Order at 6. Since this Order, two cases from this District have determined that costs associated with credit

monitoring services, without other injuries to a plaintiff's credit or identity, do not constitute actual damages under FACTA. *See Aliano v. Texas Roadhouse Holdings LLC,* No. 07-4108, 2008 WL 5397510 (N.D.Ill., Dec. 23, 2008); *Harris v. Wal-Mart Stores Inc.*, No. 07-2561, 2008 WL 5085132 (N.D.Ill., Nov. 25, 2008).

In *Harris*, a class action suit was dismissed where the plaintiff alleged a negligent violation of FACTA and sought damages for the "inconvenience and costs associated with mitigating the increased risk of identity theft and credit card fraud." *Harris*, 2008 WL 5085132, at *1. Judge Darrah determined that the plaintiff failed to allege actual damages. He reasoned that Congress expressed "an unequivocal intent . . . to bar FACTA claims based on the printing of credit card expiration dates in the absence of actual harm to a plaintiff's credit or identity." *Id.* at *2.

In *Aliano*, Judge Norgle echoed the Judge Darrah and dismissed a similar suit. *Aliano,* 2008 WL 5397510, at *4. Judge Norgle surveyed the case law and concluded that numerous courts, including the Seventh Circuit, have held that private information security law claims under FACTA and similar statutes "are not viable absent some actual loss of information or identity." *Id.* at *3. In light of *Harris* and other cases, Judge Norgle held that a plaintiff's purchase of credit monitoring services "to guard against harms that may or may not occur in the future" does not constitute actual damages under FACTA. *Id.* at *4.

The Court agrees with the reasoning of the cases cited above. As evidenced by the Clarification Act's express findings and purpose, Congress intended to provide a remedy for actual harm to a consumer's identity or credit while simultaneously limiting lawsuits (such as the instant case) where no injuries to credit or identity is sustained. *See* Clarification Act, Pub. L. No. 110-241, § 2, 122 Stat. 1566 (2008). Plaintiff does not allege any harm to his credit or identity as a result of Defendants' alleged negligence. Instead, Plaintiff only alleges damages that consist of expenses related to his purchase of credit monitoring services. *See* Am. Compl. ¶ 16. The Court holds that, following the enactment of the Clarification Act, such an allegation is insufficient to state a cause of action under 15 U.S.C. § 1681c(g)(1). Consequently, Defendants are entitled to judgment on the pleadings.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendants' Motion for Judgment on the Pleadings is **granted**.

**IT IS SO ORDERED.**

                                      Harry D. Leinenweber, Judge
                                      United States District Court

**DATE:** 3/12/2009